UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MERLE GEESAMAN and
LINDA GEESAMAN,

        Plaintiffs,                          Case No. 09-cv-14176

v.                                           Paul D. Borman
                                           United States District Court

                                           R. Steven Whalen
LAWRENCE FABRICATING CO.;           United States Magistrate Judge
DELTA INDUSTRIES, INC.; PIERCE
ALUMINUM; and RAYTHEON
 CORPORATION,

        Defendants.
_____/

OPINION AND ORDER
(1) GRANTING PLAINTIFFS' MOTIONS FOR EXTENSION OF TIME PURSUANT TO
FED. R. CIV. P. 56(f) TO RESPOND TO DEFENDANTS PIERCE ALUMINUM AND
DELTA INDUSTRIES' MOTIONS FOR SUMMARY JUDGMENT (DKT. NOS. 46, 48);
(2) STRIKING DEFENDANTS DELTA INDUSTRIES, INC. AND LAWRENCE
FABRICATING CO.'S PREMATURE MOTIONS FOR SUMMARY JUDGMENT (DTK.
NOS. 44, 51);
(3) GRANTING DEFENDANT RAYTHEON COMPANY'S MOTION FOR LEAVE TO FILE
NOTICE OF NON-PARTY FAULT (DKT. NO. 49); AND
(4) CANCELLING THE JANUARY 6, 2011 HEARING ON DEFENDANTS'
PREMATURELY FILED MOTIONS FOR SUMMARY JUDGMENT

Before the Court are Plaintiffs' Motions for Extension of Time Pursuant to Federal Rule of

Civil Procedure 56(f) to Respond to Defendants Pierce Aluminum ("Pierce") and Delta Industries'

("Delta") Motions for Summary Judgment (Dkt. Nos. 46 and 48) and Defendants Delta Industries,

Inc. and Lawrence Fabricating Co.'s Motions for Summary Judgment (Dkt. Nos. 44 and 51). Also

before the Court is Defendant Raytheon Company's ("Raytheon") Motion for Leave to File Notice

of Non-Party Fault. (Dkt. No. 49.) The Court finds that the facts and legal arguments are adequately

1

presented in the parties' briefs such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the following reasons, Plaintiffs' motions are GRANTED, Defendants Pierce (in which Defendant Delta joined) and Lawrence's prematurely filed motions for summary judgment are STRICKEN and Defendant Raytheon's motion for leave to file notice of non-party fault is GRANTED.

Plaintiffs filed an Amended Complaint on November 25, 2009 (Dkt. No. 15) in response to this Court's November 12, 2009 Order to Show Cause which sought clarification of the citizenship of each of the Defendants. On April 13, 2010, the parties submitted their Rule 26(f) report, indicating that jurisdiction and venue were not contested and that the parties had agreed on a May 1, 2011 discovery cut off date and a July 1, 2011 dispositive motion cut off date. (Dkt. No. 34.) On April 15, 2010, this Court entered a Scheduling Order setting May 1, 2011 as the closing date for all discovery and July 1, 2011 as the last date to file dispositive motions. (Dkt. No. 35.) The Scheduling Order expressly provided that motions for summary judgment should not be filed with the Court until after the close of discovery, absent special circumstances.

Notwithstanding the provisions of the Scheduling Order, Defendants Pierce Aluminum ("Pierce") and Lawrence Fabricating Co. ("Lawrence") prematurely filed motions for summary judgment on September 24, 2010 and October 25, 2010, respectively. (Dkt. Nos. 44 and 51.) On October 20, 2010, Defendant Delta Industries, Inc. ("Delta") filed a notice of concurrence and joinder in the motion filed by Defendant Pierce. (Dkt. No. 47.) On October 22, 2010, following the filing of "Pierce and Delta's recent prematurely filed Motions for Summary Judgment," Defendant Raytheon Company ("Raytheon") filed a motion for leave to file notice of non-party fault. (Dkt. No.

49, p. 4.)

Plaintiffs have filed motions for extensions of time to respond to Defendants' motions for summary judgment pursuant to Federal Rule of Civil Procedure 56(f), stating that the motions are premature and that Plaintiffs have not had adequate opportunity to conduct discovery, which is not scheduled to be completed until May 1, 2011. Defendants Lawrence and Pierce filed responses to Plaintiffs' motion for extension of time. (Dkt. Nos. 50 and 55.) The Court concludes that Defendants have not established special circumstances which would justify the Court entertaining their premature motions for summary judgment. The Court will permit Defendants to file their motions for summary judgment after the May 1, 2011 close of discovery, according to the dates set forth on the existing Scheduling Order and will grant Defendant Raytheon's motion for leave to file notice of non-party fault. The Court will not entertain further motions for modification of the existing Scheduling Order dates. Further, the Court cancels the January 6, 2011 hearing on Defendants' prematurely filed motions for summary judgment.

Accordingly, the Court GRANTS Plaintiffs' motions for extension of time to respond to Defendants' motions for summary judgment, STRIKES Defendants' Pierce and Lawrence's prematurely filed motions for summary judgment, and GRANTS Defendant Raytheon's motion for leave to file notice of non-party fault. After discover is completed, Defendants may file motions for summary judgment.

IT IS SO ORDERED.

                                                S/Paul D. Borman
                                                PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: November 22, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 22, 2010.

                                                S/Denise Goodine
                                                Case Manager